UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHANE MAXCY ET AL | CASE NO.  5:19-CV-01315 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BOSSIER FAMILY MEDICINE L L C | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

On June 4, 2020, attorney Allison A. Jones filed a motion to withdraw as attorney for Victoria Benitez. [doc. # 17]. In the motion, Jones stated she had made numerous attempts to contact plaintiff but had been unable to get in contact with her. *Id.* On June 8, 2020, the court granted the motion and ordered Benitez, within 30 days, to either enroll new counsel or notify the court, in writing, that she intended to proceed pro se. [doc. # 18]. The foregoing deadline has lapsed, with no response from plaintiff.

### Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

Upon consideration, the court finds that this matter is subject to dismissal for failure to prosecute/heed orders of the court. Fed.R.Civ.P. 41(b). The court also finds that the requirements for dismissal with prejudice are satisfied in this case. Benitez has ignored a court order and is not actively pursuing the case, as demonstrated by her counsel's withdrawal because of Benitez's failure to cooperate with the litigation process.[1] Thus, no lesser sanction better serves the interest of justice. In addition, Benitez's failure to respond to reflects her own "stubborn resistance to authority"[2] that is personally attributable as a litigant unrepresented by counsel.[3]

However, this ruling does not dispose of the entire case because Benitez is not the only plaintiff in this case. Plaintiff Maxcy's ongoing litigation against defendant will continue.

---

[1] If Benitez disputes this inference, she may so demonstrate in her objection to this report and recommendation.

[2] *See Millan, supra.*

[3] While the court is aware that plaintiff are not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff Victoria Benitez's claim(s) be DISMISSED, with prejudice. Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 9th day of July 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE